# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC.,
IVC FILTERS MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

Wisdom, Tina – 1:17-cv-00349
Wentzel, Kevin – 1:19-cv-01777
Booth, Cheryl – 1:19-cv-04074
Laws, James – 1:20-cv-01730

## COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF JUDGMENT ON THE PLEADINGS IN NO INJURY CASES

Pursuant to Federal Rule of Civil Procedure 12(c), Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe ApS (collectively, "Cook") move for judgment in four cases for failure to state a claim upon which relief can be granted. Plaintiffs Cheryl Booth and James Laws have categorized their only injuries in Category 1 (Successful First Removal Without Complication or Physical Injury). Plaintiffs Tina Wisdom and Kevin Wentzel have categorized their only injuries in Category 2 (Mental Distress and Embedment). Consistent with its previous orders in similarly situated cases, Cook respectfully urges the Court to dismiss Plaintiffs' cases for failure to assert any legally cognizable injury.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the parties have filed the Complaint and Answer. Fed. R. Civ. P. 12(c); *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The standard for

judgment on the pleadings under Rule 12(c) is the same as the standard under Rule 12(b)(6)—the plaintiff must state a claim that is plausible on its face. *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is not facially plausible unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court will grant a Rule 12(c) motion if "the plaintiff cannot prove any facts that would support his claim for relief." *N. Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452. The Court must "accept the plaintiff['s] well-pled facts as true and construe reasonable inferences in [the plaintiff's] favor." *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015). The Court need not accept the plaintiff's legal conclusions. *Id.*; *see also Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 197 (7th Cir. 1985).

**FACTUAL AND PROCEDURAL BACKGROUND**

In October 2018, the Court entered its original Screening Order and Bellwether Selection Plan, which was entered to, among other things, "ensure pending and future filed cases allege a cognizable injury." *See* Dkt. 9322. This order set forth seven categories of injuries and required plaintiffs "to certify the respective outcomes, complications, and injuries claimed by submitting a specific medical record evincing the claimed complications, outcomes, and injuries." *Id.*

1.   To accomplish the goals set forth in the original Screening Order and Bellwether Plan, the Court adopted a Case Categorization Form that plaintiffs were to use in categorizing their respective injuries. *See* Dkts. 9638 & 9638-1. The Case Categorization Form has been revised multiple times throughout the course of this litigation, but the form's purpose has remained the same: to facilitate the "classification of cases based on claimed injury or complication and

2

certification of those claims through accompanying medical records." *See, e.g.*, Dkt. 25717. In submitting a Case Categorization Form, counsel for each plaintiff must "affirm[] that the categorization is based on a review of the available medical records including imaging records and reports" and "certif[y] that the outcome, complication, or injury . . . is the proper categorization for Plaintiff's case to the best of counsel's knowledge and belief." *Id.* at Ex. A.

2. Of the seven categories the Court has recognized, two categories are relevant to this Motion:

   a. Category 1 cases are those in which the "IVC filter was successfully removed on the first, routine, percutaneous retrieval attempt and no physical symptom or filter complication was alleged during the time the filter was in place or in connection with the retrieval process." *Id.*

   b. Category 2 cases are those in which "only non-physical injuries, such as worry, stress, or fear of future injury, have been alleged." *Id.*

3. Each Plaintiff subject to this Motion has provided a Case Categorization Form and categorized his or her only injury in Category 1 or Category 2.

4. Cook has reviewed all information provided by Plaintiffs, including Short-Form Complaints, Plaintiff Profile Sheets, Categorization Forms, and supporting medical records.

5. Each of the Plaintiffs subject to this Motion has failed to claim any legally cognizable injury and thus has failed to state a claim against Cook. The Court should therefore dismiss Plaintiffs' cases as a matter of law, as it has previously done in similarly situated cases.

## ARGUMENT

Plaintiffs have categorized their only injuries in Category 1 or Category 2. But this Court has previously issued orders dismissing cases in which plaintiffs have alleged only Category 1 and Category 2 injuries. *See* Dkt. 9322 (stating that Category 1 cases are subject to immediate dismissal); Dkt. 11377 (granting dismissal of 17 Category 2 cases for failure to state a claim); Dkt.

13996 (granting dismissal of six mischaracterized no-injury cases). The Plaintiffs here are similarly situated; therefore, the Court should dismiss their cases.

1. **The Court Should Dismiss Plaintiffs' Cases Alleging Only Category 1 Injuries Because Plaintiffs Have Not Claimed Any Cognizable Injury.**

The Court should dismiss the cases of Plaintiff Cheryl Booth and Plaintiff James Laws because these Plaintiffs allege only Category 1 injuries. *See* Booth CCF, attached as **Exhibit A**; Laws CCF, attached as **Exhibit B**. By definition, these cases do not allege any physical symptoms or filter complications:

> Successful First Removal Without Complication or Physical Injury Cases: Cases where Plaintiffs' profile sheet and further follow-up shows that the Gunter Tulip or Celect IVC filter was successfully removed on the first, routine, percutaneous retrieval attempt and no physical symptom or filter complication was alleged during the time the filter was in place or in connection with the retrieval process.

*See* Dkt. 25717 at Ex. A. The Court has already determined that "[c]ases in Category 1 are subject to immediate dismissal, Dkt. 9322 at ¶ 3, and the Plaintiffs Steering Committee has conceded that these cases allege no cognizable injury. *See* Dkt. 8591 at 15 ("It is Plaintiffs' position that only cases falling within category 1 may fairly be considered non-injury cases." (emphasis omitted)).

In short, the parties and the Court agree that plaintiffs alleging only a Category 1 injury have not claimed a cognizable injury. But both Plaintiffs Booth and Laws have alleged *only* Category 1 injuries. Accordingly, Cook is entitled to judgment on the pleadings in their cases, and they should be dismissed with prejudice.

2. **The Court Should Dismiss Plaintiffs' Cases Alleging Only Category 2 Injuries Because Plaintiffs Do Not Claim to Have Suffered Any Physical Injury.**

The Court should also dismiss the cases of Plaintiff Kevin Wentzel and Plaintiff Tina Wisdom because these Plaintiffs allege only Category 2 injuries. Plaintiffs Wentzel and Wisdom do not claim to have suffered any physical injuries and thus cannot maintain their cases based on a mere fear of *future* injury. Cook has previously briefed this issue, *see* Dkt. 10857, and this Court

4

has dismissed cases alleging only Category 2 injuries, *see* Dkts. 11131 & 11377. In the interest of efficiency, Cook briefly highlights its main arguments here and refers the Court to the previous briefing and orders dismissing Category 2 cases. Dkt. 10856-57 (Cook's opening motion and brief in support); Dkt. 10953 (Plaintiffs' response); Dkt. 11032 (Cook's reply); Dkt. 11131 (Court's first order); Dkt. 11377 (Court's second order). This Court's previous orders reflect longstanding tort-law principles and modern precedent in medical device cases—that is, a plaintiff cannot sustain a claim, including one based on fear of ***future*** injury, absent a ***present*** physical symptom or complication.[1]

Plaintiffs Wentzel and Wisdom have categorized their cases as involving only Category 2 claims—that is, they allege "only non-physical injuries, such as worry, stress, or fear of future injury." *See* Dkt. 25717 at Ex. A. Plaintiffs' categorization submissions "certif[ied] that the outcome, complication, or injury represented . . . is the proper categorization for [each] Plaintiff's case to the best of counsel's knowledge and belief," and the categorizations were "based on a review of the available medical records including imaging records and reports." *Id.* Accordingly, if these Plaintiffs experienced ***any*** physical injury or filter complications, they could have and would have placed their injuries in a different, higher category. *See id.* (explaining that a plaintiff can select more than one category on the Case Categorization Form).

---

[1] This is supported by home state case law for the two Plaintiffs in this Motion who have alleged Category 2 injuries. *See e.g., Loudin v. Radiology & Imaging Servs., Inc.*, 924 N.E.2d 433, 443 (Ohio Ct. App. 2009) ("[A] plaintiff may bring a claim for negligent infliction of emotional distress without meeting the "severe and debilitating" *Paugh* standard, provided that the plaintiff also suffered a contemporaneous physical injury."); *Malloy v. Sally Beauty Supply, LLC*, No. KNLCV166027295S, 2017 WL 660006, at *2 (Conn. Super. Ct. Jan. 5, 2017) ("In actions for negligence, mental and emotional injuries are compensable if they are a natural and proximate consequence of a physical injury.").

5

Specifically, Plaintiff Wentzel has claimed only a Category 2 injury, which he describes as "[w]orry, stress, and fear of future injury." Wentzel CCF, attached as **Exhibit C**. To date, the only medical records Plaintiff Wentzel has provided merely document the successful placement of an IVC filter on June 30, 2014. He has not complied with Fourth Amended Case Management Order No. 4, which requires him to complete a Plaintiff Profile Sheet, Dkt. 25716, nor has he provided any information (i.e., medical records) that might evidence a physical injury. As such, his only claim is non-physical, and for the reasons discussed, his case should be dismissed as a matter of law. *See Malloy,* 2017 WL 660006, at *2.

Likewise, Plaintiff Wisdom has claimed only a Category 2 injury, which she describes as an "[e]motional distress claim." Wisdom CCF, attached as **Exhibit D**. The only medical records Plaintiff Wisdom has provided merely document the successful placement of an IVC filter on May 11, 2007. To date, she has not provided any information that might evidence a physical injury. As such, her only claim is non-physical, and for the reasons discussed, her case should also be dismissed as a matter of law. *See Loudin*, 924 N.E.2d at 443.

## CONCLUSION

For the foregoing reasons, Cook respectfully urges the Court dismiss Plaintiffs' cases with prejudice.

Dated:  May 7, 2025                                         Respectfully submitted,


                                                            */s/ Jessica Benson Cox*
                                                            Jessica Benson Cox
                                                            Andrea Roberts Pierson
                                                            Faegre Drinker, Biddle & Reath LLP
                                                            300 North Meridian Street, Suite 2500
                                                            Indianapolis, Indiana 46204
                                                            Telephone: (317) 237-0300
                                                            Jessica.Cox@faegredrinker.com
                                                            Andrea.Pierson@faegredrinker.com


                                                            James Stephen Bennett
                                                            Faegre Drinker, Biddle & Reath LLP
                                                            110 W. Berry Street, Suite 2400
                                                            Fort Wayne, Indiana 46802
                                                            Telephone: (260) 424-8000
                                                            stephen.bennett@faegredrinker.com

                                                            *Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, Cook Group Incorporated, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS IN NO INJURY CASES** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*